THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CASSEY JONES

    Plaintiff,

v.                                    Case No._____
                                               JURY DEMANDED

NSK STEERING SYSTEMS AMERICA, INC.

    Defendant.

**COMPLAINT**

Plaintiff Cassey Jones brings this cause of action against the Defendant for compensatory and punitive damages arising from pregnancy and sex discrimination and would show this Honorable Court and a jury of her peers the following:

**Parties, Jurisdiction, and Venue**

1. NSK Steering Systems America, Inc. ("NSK") is a Tennessee Corporation with a place of business location in Tennessee at 2962 Fort Hudson Road, Dyersburg, TN 38024. NSK may be served via its Registered Agent for Service of Process, Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203.  NSK employs the requisite number of employees for coverage under Title VII of the Civil Rights Act.  At all times relevant hereto, NSK was the employer of the Plaintiff.

2. Plaintiff Cassey Jones ("Jones") is a resident of Lake County, Tennessee, and resides at 725 Carrington Road, Tiptonville, Tennessee.

3. Jurisdiction is proper under 28 U.S.C. § 1331, Title VII of Civil Rights Act, 42 U.S.C.

1

§2000e-5, *et seq.,* the Pregnancy Discrimination Act ("PDA") of 1978, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

4. Jones submitted a Charge of Discrimination to the EEOC, received a Right to Sue, and filed this action within 90 days of receiving her Right to Sue. A copy of the "Right to Sue" is attached hereto as Exhibit A.

5. This action is also based upon the common law of promissory estoppel and a tortious breach of an implied covenant of good faith and fair dealing.

6. This action is also based upon an employment termination in violation of the law and public policy of Tennessee and a violation of the Tennessee Fair Employment Practices Law (T.C.A. § 4-21-401, *et seq.*)

7. This Court has supplemental jurisdiction over Plaintiff's state law claim(s) pursuant to 28 U.S.C. §1367.

8. The acts upon which this lawsuit are based arose in Dyer County, Tennessee, and Defendant's office is located within this County, making venue proper in this Court.

**Facts**

9. Mrs. Jones was an excellent employee in her position as a material handler with NSK.

10. Approximately seven months after being hired by NSK, Mrs. Jones discovered that she was pregnant.

11. After finding out she was pregnant, Mrs. Jones quickly informed her managers and co-workers that she was pregnant.

12. After initially reporting to NSK management that she was pregnant, NSK's Human Resource Manager, Bobbie Pruitt, sent her home from work.

13. Mrs. Jones' medical provider placed her on a 40 pound lifting restriction until the 20th

week of her pregnancy.

14. Mrs. Jones notified NSK Human Resource Manager of her restriction and asked for a reasonable accommodation to continue working within her physical restrictions.

15. Mrs. Jones' reasonable accommodation request was originally denied, and she was told to go home and stop working.

16. After approximately a month, Mrs. Jones was allowed to return to work at NSK within her restrictions.

17. After approximately eight weeks of NSK's accommodation, NSK denied Mrs. Jones' reasonable accommodation for her physical restrictions and terminated her employment.

18. Mrs. Jones intended to work for Defendant through her pregnancy and return following maternity leave. Mrs. Jones never told anyone at NSK she was resigning nor did she ever submit a resignation letter to her employer.

19. Defendant knew of Mrs. Jones' pregnancy and was aware of her pregnancy-related doctors' visits and her updates to Defendants' management regarding her pregnancy.

20. Defendant knew of Mrs. Jones' disability and perceived Mrs. Jones as disabled due to her pregnancy, doctors' visits, physical restrictions and her updates to Defendants' management regarding her pregnancy.

21. Defendant discriminated against Mrs. Jones for an actual and/or perceived disability.

22. Mrs. Jones is an individual with a "disability" as that term of art is defined under the ADA or was "regarded as disabled" by Defendant. Mrs. Jones' disability can substantially limit her major life activities of lifting, reaching, standing for long periods of time, walking, sleeping, performing manual tasks, caring for oneself, and working in a class or range of jobs.

23.     Defendant's termination of Mrs. Jones was pretext for Defendants' true motivation, which was discrimination based on Mrs. Jones' sex, disability and pregnancy.

24.     Mrs. Jones believes that she had been discriminated against due to her sex/ pregnancy in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Pregnancy Discrimination Act of 1978.

## Causes of Action

25.     The allegations set forth in paragraphs 1 through 24 are incorporated herein.

26.     NSK committed discrimination against Mrs. Jones when it terminated her on the basis of her pregnancy, in violation of Title VII of the Civil Rights Act and the Pregnancy Discrimination Act of 1978.

27.     NSK discriminated against Mrs. Jones when it wrongfully terminated her without cause or explanation.

28.     NSK discriminated against Mrs. Jones by terminating her on the basis of her sex/ pregnancy by not allowing her to work while pregnant.

29.     NSK discriminated against Mrs. Jones by terminating her on the basis of her actual and perceived disabilities in violation of the Americans with Disabilities Act.

30.      Defendant failed to provide a reasonable accommodation to Mrs. Jones in violation of the Americans with Disabilities Act.

31.     NSK discriminated against Mrs. Jones by wrongfully terminating her in violation of the Tennessee Human Rights Act, T.C.A. §4-21-101 *et seq*. and Title VII of Civil Rights Act, 42 U.S.C. §2000e-5, *et seq*.

32.     Defendant's conduct complained of herein constitutes a wrongful discharge in violation of the laws and public policy of the State of Tennessee.

33. Defendants' conduct complained of herein constitutes a violation of the common law of the State of Tennessee.

34. As a result of these violations, Mrs. Jones seeks recovery for back pay, front pay, emotional distress, mental anguish, reinstatement, all benefits incident to employment, monetary losses, inconvenience, compensatory damages, liquidated damages, punitive damages, attorney fees, interests, and costs.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays the Court will enter a judgment against NSK for the relief set forth herein including all compensatory damages available, equitable relief available, liquidated damages, punitive damages, attorney fees, interest, cost, and any further specific or general relief that the Plaintiff shows herself to be justly entitled.

RESPECTFULLY SUBMITTED this December 30, 2016.

s/ William A. Wooten
WILLIAM A. WOOTEN, #26674
WOOTEN LAW OFFICE
120 Court Square East
Covington, TN 38019
(901) 475-1050
Fax: (901) 475-0032
*wawooten@gmail.com*

*Attorneys for Plaintiff*

We acknowledge ourselves as sureties for the costs of this cause not to exceed One Thousand Dollars ($1,000.00)

s/ William A. Wooten
WOOTEN LAW OFFICE